IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PROGRESSIVE NORTHERN INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> NICHOLAS RAY JOHNSON, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) )   Case No. CIV-20-821-PRW |

## ORDER

Before the Court is Plaintiff Progressive Northern Insurance Company's Motion for Default Judgment and Stipulated Judgment (Dkt. 24). For the reasons that follow, the Motion (Dkt 24) is **GRANTED**.

### *Background*

Because Defendant has failed to defend or otherwise respond to this action and default has been entered, the following factual allegations contained in Plaintiff's Complaint are taken as true.[1] Plaintiff filed this declaratory judgment action seeking a judicial determination as to whether Plaintiff owes any coverage under an automobile insurance policy it issued for damages or claims arising from an accident that took place

---

[1] *All. Laundry Sys. LLC v. Cowboy Laundry of Oklahoma Inc.*, 2020 WL 6136785, at *1 (W.D. Okla. June 23, 2020).

on April 29, 2020. Plaintiff issued the relevant insurance policy to Michael Stripling. The policy covered three vehicles—one of which was a 1997 Dodge 3500—from February 3, 2020, to August 3, 2020, providing liability insurance for accidents involving the covered vehicles. On April 3, 2020, twenty-six days prior to the accident at issue, Stripling sold the 1997 Dodge to Defendant Nicholas Ray Johnson. Stripling did not notify Plaintiff of his sale of the vehicle to Johnson, and at no point did Plaintiff consent to transfer of Stripling's insurance policy to Johnson.

On April 29, 2020, Johnson was involved in an accident while driving the 1997 Dodge. Because Stripling had failed to notify Plaintiff of his sale of the vehicle, the 1997 Dodge was still listed on Plaintiff's insurance policy. As such, Johnson, along with others involved in the accident, sought coverage benefits under Plaintiff's policy. In response Plaintiff initiated this action, claiming it cannot be held liable for the accident and owes no coverage of any kind under the policy because the policy terminated upon Stripling's sale of the vehicle.[2] Although served, Defendant Johnson has failed to respond to Plaintiff's complaint or enter any appearance in this case.

Upon Plaintiff's Motion, the Clerk of this Court entered a default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.[3] Plaintiff then filed this motion seeking the

---

[2] Plaintiff initially named three additional Defendants: Stephanie Rae Roberts, Michael Stripling, and Luis M. Camacho-Cadena. Plaintiffs subsequently voluntarily dismissed these three Defendants, all of whom agreed and stipulated that they would be bound by this Court's determination of this matter. *See* (Dkt. 11), (Dkt. 14), & (Dkt. 23).

[3] Clerk's Entry of Default (Dkt. 22).

entry of a default judgment on its declaratory judgment claim against Defendant Johnson pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure.

## *Legal Standard*

Under Rule 55(a) of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Entry of default by the Clerk under Rule 55(a) must precede grant of a default judgment under Rule 55(b).[4] "The default concedes the truth of the allegations of the Complaint regarding Defendants' liability under all counts brought against them."[5] However, "it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law."[6]

## *Discussion*

Upon review, the Court finds that Plaintiff's Motion should be granted.

I.   *Jurisdiction*

The Court has jurisdiction over this matter. To start, the Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332, as the parties are diverse and the amount in controversy exceeds $75,000. The Court also has personal jurisdiction over

---

[4] *State Auto Prop. & Cas. Ins. Co. v. Estate of Brierton*, 2018 WL 8344843, at *1 (W.D. Okla. Aug. 24, 2018).

[5] *All. Laundry Sys. LLC*, 2020 WL 6136785, at *1.

[6] *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010) (internal quotations omitted).

Defendant, as Defendant is a citizen of Oklahoma and was physically present and served in Oklahoma.

Further, the Court finds that taking jurisdiction over Plaintiff's request for declaratory relief is appropriate. The Declaratory Judgment Act enables federal courts to declare the rights or legal relations of parties, but it does not require them to do so.[7] In deciding whether to hear a declaratory judgment action, district courts are required to weight five factors.[8] Here, all five factors weigh in favor of taking jurisdiction over Plaintiff's request for declaratory relief. Because several persons involved in the car crash at issue continue to contact Plaintiff seeking payment for medical bills arising out of the accident, deciding this action would settle an existing controversy and "serve a useful purpose in clarifying the legal relations in issue[.]"[9] Additionally, there is no indication that this action is being used for an improper purpose or that "there is an alternative remedy which is better or more effective."[10] Finally, since the Court is aware of no ongoing

---

[7] *See* 28 U.S.C. § 2201(a) ("[A]ny court . . . may declare the rights and other legal relations of any interested party seeking such declaration[.]"); *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995) (explaining that a federal court's decision to hear, dismiss, or stay a declaratory judgment action, therefore, is within "the sound exercise of its discretion," and often is guided by "considerations of practicality and wise judicial administration").

[8] These five factors are: (1) whether the declaratory action would settle the controversy; (2) whether it would serve a useful purpose in clarifying the legal relations in issue; (3) whether the declaratory remedy is being used merely for the purpose of procedural fencing or to provide an arena for a race for res judicata; (4) whether use of a declaratory action would increase friction between federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective. *Kunkel v. Cont'l Cas. Co.*, 866 F.2d 1269, 1275 n.4 (10th Cir. 1989).

[9] *Id.*

[10] *Id.*

litigation in state court over this matter and the merits of the state law claims are settled, deciding this case would not "increase friction between federal and state courts and improperly encroach upon state jurisdiction[.]"[11] Therefore, exercising jurisdiction over this dispute is proper.

II.  *Adequacy of Claim*

After reviewing the filings in this case, the Court finds that Plaintiff has stated a basis for its declaratory relief claim and default judgment should therefore be entered against Defendant. Oklahoma law "is clear liability coverage, which is born of ownership, maintenance and use of a stated automobile, terminates upon a change of ownership unless the insuror approves the extension of coverage."[12] That means that "policies of liability or indemnity insurance are personal contracts between the policyholder and the insuror, and as such do not attach to or run with the property, the use, operation or maintenance of which may give rise to liability, and a transfer of such property to a third person does not carry with it the contract of insurance without the consent of the insuror."[13] Accordingly, when there is "no notice to the [insurance] company of the vehicle's change in ownership," the former owner's insurance company "cannot be liable" for future accidents involving the vehicle.[14]

---

[11] *Id.*

[12] *Farmers Ins. Co. v. Thomas*, 743 P.2d 1080, 1082, *amended*, 762 P.2d 920 (quoting *Worchester v. State Farm Mutual,* 473 P.2d 711, 714 (Colo. 1970)).

[13] *Id*. (quoting *Worchester*, 473 P.2d at 714).

[14] *Id.*

Here, the vehicle was sold by the original owner without notice to Plaintiff, and as such, without Plaintiff's approval for an extension of coverage to the new owner. Under Oklahoma law, at the moment of sale, Plaintiff's insurance agreement terminated. Plaintiff's policy therefore did not run with the vehicle or transfer to the new owner. Therefore, since the accident at issue in this case took place after sale (and thereby after termination of the insurance policy), Plaintiff cannot be held liable for the accident and owes no coverage of any kind under the policy.

### *Conclusion*

Accordingly, Plaintiff's Motion for Default Judgment and Stipulated Judgment (Dkt. 24) is **GRANTED**.

**IT IS SO ORDERED** this 9th day of September 2022.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE